OPINION
Stephen D. Blackmon appeals from a final judgment and decree of divorce which terminated the parties' marriage, awarded custody of the parties' child to Deborah Everhart-Blackmon and visitation to Blackmon, awarded child support and spousal support, divided assets, and apportioned responsibility for debts.
As in the trial court, Blackmon appears pro se in this court. We have not been favored with a transcript of the hearing conducted prior to entry of the final judgment and decree of divorce. Blackmon's brief contains no assignment of error, and does contain information that does not appear in our record of the proceedings in the trial court.
The case progressed in the trial court as follows. Everhart-Blackmon filed her complaint for divorce August 10, 1998, together with a financial disclosure affidavit, Blackmon filed an answer October 1, 1998, together with a financial disclosure affidavit. The case was first scheduled for a contested hearing on February 1, 1999, and later for a non-contested hearing on March 31, 1999. It appears that Blackmon never provided discovery of financial information sought by counsel and ordered by the trial court. Blackmon did not appear at the hearing conducted prior to entry of the final judgment and decree of divorce.
Blackmon contends that the trial court did not have the opportunity to properly review his financial status so as to render a fair ruling on child support and spousal support. The trial court determinated that Everhart-Blackmon was unable to work or seek work because of the parties' child's "severe medical problems". The trial court awarded spousal support of $500 per month for 36 months, subject to the court's continuing jurisdiction, and child support of $838 per month. In computing child support, the trial court utilized a standard worksheet and established Blackmon's income at $82,000 per year for computation purposes. Blackmon's financial disclosure affidavit stated income of $84,000 in 1996, $82,550 in 1997, and $36,000 for 1998 "Laid off in March, 98". Blackmon's answer reveals that he is a medical doctor.
The record does not reveal Blackmon's annual income as of March 31, 1999, the date of the final hearing. R.C. 3113.21.5 permits the imputation of income to an underemployed parent. See R.C. 3113.21.5(A)(I)(b),(5)(a). Given Blackmon's demonstrated annual income for 1995 and 1996, and the lack of information about his annual income at the time of the hearing — occasioned by Blackmon's own refusal to provide discovery and attend the final hearing — we must presume the regularity of the proceedings in the trial court. More specifically, we must presume that the trial court had a sufficient evidentiary basis for concluding Blackmon's income was $82,000 per year.
Blackmon contends he can show he furnished support to his wife and child in the form of clothing, an air conditioner, travel money, and phone cards. We fail to see the relevance of this to the issue of future child and spousal support. In any event, these matters cannot be asserted for the first time on appeal.
Blackmon contends that he must repay certain welfare benefits Everhart-Blackmon received upon relocating to Dayton. Again, this has no relevance to future spousal or child support and cannot be asserted for the first time on appeal.
The trial court is required to exercise continuing jurisdiction over the matter of child support and has expressly maintained jurisdiction over the matter of spousal support. If the orders of the trial court are in need of adjustment, Blackmon should seek relief in the trial court. On the trial court record before us, however, we perceive no reversible error.
Blackmon next asks for a more participatory role in the child's life. Again, the trial court has continuing jurisdiction over the matter of visitation and Blackmon should seek relief from the current order in that court. The court ordered "liberal visitation . . . including not less than the Court's Standard Order of Visitation". This was not reversible error.
Finally, Blackmon contends that the debts should have been allocated equally and that Everhart-Blackmon should pay her own legal fees.
The trial court ordered each party to pay his or her debts, but ordered Blackmon to pay $2675 of "indebtedness incurred during the marriage". Given the court's determination that Everhart-Blackmon was unable to work or seek work, this was not unreasonable given Blackmon's income and earning potential. Likewise, based on our review of the record, it was not unreasonable to order Blackmon to be responsible for $1000 of Everhart-Blackmon's legal fees.
The judgment will be affirmed.
GRADY, P.J., and FAIN, J., concur.